**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

KENNETH O. LEWIS,

Petitioner, : Case No. 2:24-cv-04033

\- vs - Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Kenneth Lewis to obtain relief from his convictions for aggravated robbery and kidnapping in the Common Pleas Court of Delaware County, Ohio. The case is ripe for decision on the Amended Petition (ECF No. 31), the State Court Record (ECF No. 32), the Return of Writ (ECF No. 33) and the Reply (ECF No. 40). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 42).

**Litigation History**

On September 18, 2020, the Delaware County grand jury returned an indictment charging Petitioner with one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1) and two counts of kidnapping in violation of Ohio Revised Code § 2905.01(B)(2),

with accompanying firearm and repeat violent offender specifications. A trial jury convicted Petitioner on all counts and on the repeat violent offender specification and he was sentenced to the term of imprisonment he is now serving.

Petitioner appealed to the Ohio Fifth District Court of Appeals which affirmed (Opinion, State Court Record, ECF No. 32, Ex. 11). Petitioner did not timely appeal to the Ohio Supreme Court. His August 11, 2023, motion for leave to file a delayed appeal was denied.

On August 17, 2022, Petitioner moved under Ohio R. App. P. 26(B) to reopen his appeal to raise one assertedly omitted assignment of error, to wit, that the evidence was insufficient to support conviction (Application, State Court Record, ECF No. 32, Ex. 15). The Fifth District denied relief, holding that because the evidence was sufficient, there was no ineffective assistance of appellate counsel in failing to claim otherwise. *Id.* at Ex. 20. Petitioner did not appeal to the Ohio Supreme Court.

Petitioner filed a number of other unsuccessful attempts to appeal. Then on May 2, 2024, he filed a petition for post-conviction relief (State Court Record, ECF No. 32, Ex. 40) which the trial court denied. *Id.* at Ex. 41. On appeal the Fifth District denied all of his assignments error. *Id.* at 46. On February 18, 2025, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *Id.* at Ex. 50. A subsequent attempt to be heard on a successive post-conviction petition was unsuccessful at all levels of the state system.

Petitioner filed his Petition in this Court November 8, 2024. After the Court granted him leave to amend, he filed an Amended Petition on May 18, 2025, pleading the following grounds for relief:

**Ground One:** Trial court violated the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution when it allowed the Aggravated Robbery and Kidnapping charges to remain valid.
**Supporting Facts:** The trial court acted in a manner contrary to due process when the State of Ohio failed to provide [sic] every element of the crime of Aggravated Robbery and Kidnapping beyond a reasonable doubt. The Fourteenth Amendment to the U.S. Constitution Due Process Clause was violated when the trial court allowed this conviction of charges to remain valid.

**Ground Two:** The trial court violated the fourteenth amendment Due Process Clause when it allowed a surprise witness testimony to be admissible.

**Supporting Facts:** The trial court acted in manner contrary to the Due Process Clause when it allowed a surprise witness who was not on the witness list and was never disclosed in the state's discovery to testify against the defendant. The untimely discovery and inadmissible testimony by the surprise witness violated the Due Process Clause by depriving the Defendant to properly prepare a defense and the guarantee of a fair trial.

**Ground Three:** The trial court violated defendants Fourteenth, fourth and Sixth Amendment rights to the U.S. Constitution when it allowed the unauthorized and unauthenticated CVS video to be admissible in trial.

**Supporting Facts:** The trial court made Constitutional error when it allowed the CVS and the Cash Land video to be used as evidence in trial as both videos were unauthorized and unauthenticated by the Corporate security or by the record custodian.

**Ground Four:** The maximum and consecutive sentences imposed without due process violated the Fourteenth and Fifth Amendment to the U.S. Constitution.

**Supporting Facts:** When imposing the maximum and consecutive sentences the trial court failed to provide evidence or proof to support its findings. The trial court erred when it imposed multiple maximum and consecutive sentences for a single episode of criminal conduct in which the sentence should have been the minimum and merged concurrently.

**Ground Five:** Trial counsel was ineffective when failing to argue the merits of his client pro se motion for a new trial under Ohio Crim. R. 33 (A).

**Supporting Facts:** After a three-day trial the jury returned a guilty verdict on charges for Aggravated Robbery and Kidnapping. I then filed a *pro se* timely motion for a new trial claiming that the evidence was insufficient and the verdict was contrary to law. The trial court denied my motion and the trial counsel failed to argue the merits of this motion orally or by submitting a motion for an evidentiary hearing. Trial counsel was non-existent in acknowledging his client motion.

**Ground Six:** The trial counsel was ineffective when he failed to present or prepare an identity defense.

**Supporting Facts:** Trial counsel failed to argue during trial that neither victims or witnesses made an out of court or in court identification pointing to the defendant as the person who committed the offense. Trial counsel also failed to argue that the detective in court identification was unduly suggestive. An identity defense should have been more rigorously advanced by counsel as the identity of the perpetrator was unclear and should have been a contested issue at trial.

**Ground Seven:** Trial counsel was ineffective when he failed to move to suppress the illegally obtained and unauthenticated CVS video evidence.

**Supporting Facts:** During the jury trial the state presented a CVS video as evidence that was not authorized by the corporate office to be released to police officer and this video was not authenticated by the record custodian. Trial counsel was ineffective when he failed to move to suppress this video and present the material evidence proving that the CVS video was not authorized to be released to law enforcement and was not authenticated by the CVS corporate record custodian.

**Ground Eight:** Trial counsel was ineffective he failed to argue that the state attorney failed to invoke the trial court subject matter jurisdiction.

**Supporting Facts:** Trial counsel failed to argue that the state did not invoke the trial courts subject matter jurisdiction when it failed

to include the charges of kidnapping in the criminal complaint, affidavit of probable cause and the arrest warrant. Trial counsel should have pointed out that the kidnapping charges were only in the indictment and should have been in the criminal complaint and affidavit of probable cause in order to invoke the trial court jurisdiction for the subject matter of kidnapping.

**Ground Nine:** The trial court committed reversable error by admitting two piece[s] of evidence used to link Lewis to the crime charged: improperly authenticated CVS video footage of the suspect and a surprise witness.

**Supporting Facts:** During the trial the court committed error when it allowed unauthenticated CVS video footage to be admissible in court. The court also committed error when it allowed a surprise witness who was not on the witness to testify against the petitioner during trial.

**Ground Ten:** The evidence that Lewis was the person who committed the crimes was legally insufficient as a matter of law.

**Supporting Facts:** During the trial the state provided insufficient evidence that Lewis was the person who committed the crime as neither witness pointed to the defendant in court as the perpetrator.

**Ground Eleven:** Trial Court should have merged Lewis's Aggravated Robbery offense with his Kidnapping offenses.

**Supporting Facts:** Trial court should have merged Lewis's aggravated robbery offense with his kidnapping offense because it was a criminal episode of a single conduct that was an event within the duration of seven minutes.

**Ground Twelve:** Appellate counsel was ineffective for failing to argue that the trial counsel was ineffective when failing to object to the trial court having discussions with the jury in absence of the defense counsel and the defendant.

**Supporting Facts:** Trial court committed constitutional structural error when having numerous conversation with the jury in absence of the defendant and the defense attorney.

**Ground Thirteen:** Appellate Counsel was ineffective when failing to argue that the state prosecutor committed misconduct when having a sidebar discussion in the chambers.

**Supporting Facts:** The State prosecutor called surprise witness to testify during trial but he refused to testify unless he spoke to the prosecutor. This information was discussed in sidebar with the prosecutor and the trial court, and was not disclosed to the defendant or the jury during trial.

**Ground Fourteen:** Appellate counsel was ineffective failing to argue that the state prosecutor committed misconduct when it knowingly used coerced and perjured testimony by the surprise witness.

**Supporting Facts:** during the petitioner's trial the state prosecutor presented a surprise witness who was a prison informant who testified at trial and lied in his testimony and used coerced testimony. I the petitioner did not know the witness and never had a discussion with the witness about my case before, during or after the trial.

**Ground Fifteen:** Appellate counsel was ineffective when failing to argue that the prosecutor committed misconduct when failing to present law enforcement officer as a key witness who illegally obtained CVS video evidence that was used at trial.

**Supporting Facts:** During the trial the state prosecutor presented a CVS video as evidence that was obtained by the Delaware police officer but failed to present the officer as a witness at trial.

**Ground Sixteen:** Appellate counsel was ineffective when failing to argue that the prosecutor committed misconduct when the state objected to the trial counsel questions to the officer about the perpetrator identity and also committed misconduct when the officer improperly bolstered witness Ryan Bundy credibility. It was also plain error when the court sustained the prosecutor objection and allowed the officer testimony to be admissible.

**Supporting Facts:** During trial the prosecutor committed misconduct when objecting to trial counsel questioning officer about failing to stop a suspect in a vehicle to confirm the identification of the person in the vehicle. Prosecutor also committed misconduct

> when using the detective testimony to bolster the credibility of and testimony of the surprise witness.
>
> **Ground Seventeen:** Appellate counsel was ineffective when failing to advise the appellant on the appeal process, failing to notify the appellant of the decision on his first appeal of right and for failing to provide the trial transcripts to the appellant.
>
> **Supporting Facts:** During trial the prosecutor committed misconduct when objecting to trial counsel questioning officer about failing to stop a suspect in a vehicle to confirm the identification of the person in the vehicle. Prosecutor also committed misconduct when using the detective testimony to bolster the credibility of and testimony of the surprise witness.
>
> **Ground Eighteen:** Trial counsel was ineffective when he failed to object to the detective's testimony to cell phone location as the detective was not an expert on the witness list and trial counsel also failed to challenge the state DNA expert testimony by affording an independent expert or advice from such expert.
>
> **Supporting Facts:** During the trial a detective made testimony concerning the location of the petitioner's cell phone location and the trial counsel failed to object to the detectives testimony as he was not an expert on the expert witness list. Trial counsel also failed to challenge the state's DNA expert witness by affording an independent expert or advice from such expert.

Amended Petition, ECF No. 31, PageID 1344-1363.

## Analysis

**Statute of Limitations**

Habeas corpus petitions filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") are subject to a one-year period of limitations codified at 28 U.S.C. § 2244(d)(1).

Respondent asserts this case is time-barred under that statute, arguing the conviction became final on direct review July 16, 2022, the last day on which Petitioner could have timely appealed to the Ohio Supreme Court on direct review. The Fifth District affirmed the conviction on direct review on June 1, 2022 (Judgment, State Court Record, ECF No. 31, Ex. 11), so July 16, 2022, is forty-five days later, the deadline for a timely appeal.

Under § 2244(d)(1), the statute would have expired a year later on July 16, 2023. However, Respondent concedes that the running of the statute was tolled under 28 U.S.C. § 2244(d)(2) by Petitioner's properly filing several collateral attacks on the judgment after the statute began to run. Petitioner's first 26(B) application tolled the statute until it was denied November 18, 2022. His second 26(B) application tolled the statute during its pendency until May 31, 2023. Petitioner's motion for leave to file a delayed appeal of the denial of his motion for new trial tolled the statute until its denial February 20, 2024; the tolling was extended by his second motion for leave to file a delayed appeal regarding his motion for new trial until March 4, 2024. The record shows Petitioner's petitions for post-conviction relief were rejected as untimely and such petitions are not "properly filed" so as to toll the time under § 2244(d)(2). Therefore, Respondent argues, the statute expired August 26, 2024, and Petitioner did not file until November 8, 2024.

In his Traverse, Petitioner devotes nine single-spaced pages (PageID 2177-85) to his statute of limitations argument. He does not contest Respondent's calculation of the date the statute began to run, but he offers several arguments about why his Petition should be considered timely filed.

**Equitable Tolling**

Lewis begins by noting that the AEDPA statute of limitations is not jurisdictional (Traverse,

ECF No. 40, PageID 2178), citing *Griffin v. Rogers*, 399 F.3d 626,631 (6th Cir. 2005), and *Allen v. Yukins,* 366 F. 3d 296, 401 (6th Cir. 2004) (citing *Dunlap v United States*, 250 F. 3d 1001, 1007 (6th Cir. 2001)). The Magistrate Judge agrees.

Lewis then notes that he filed about two months after the statute expired and argues this should be short enough time to allow equitable tolling. (Traverse, ECF No. 40, PageID 2178) citing "Cook at 295 F. 3d at 522." That citation is actually to a case captioned *Pfennig v. Household Credit Services, Inc.*, 295 F.3d 522 (6th Cir. Jul. 2, 2002), a case which has nothing to do with any statute of limitations.

Petitioner argues: "In the absence of constructive knowledge of filing requirements and knowledge of the exact date that equity tolling would have extended the statute of limitations expiration date, two months for preparation and filing by a *pro se* litigant is not unreasonable." *Id.* at PageID 2178. 28 U.S.C. § 2244 clearly spells out that there is a one-year statute of limitations; constructive knowledge of that date is imputed to him under the principle that ignorance of the law does not excuse. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004). See *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)(holding the statute itself gives notice that the statute begins to run at the conclusion of direct review and does not restart based on the intervening commencement of state collateral proceedings).

There is no way any petitioner could know in advance how much time would be credited to equitable tolling, so not knowing that time does not justify, as Petitioner seems to argue, equitable tolling. Petitioner blames his late filing on lack of notice from his appellate attorney of state court filing dates for post-conviction, but providing such notice is not within the professional responsibilities of an appointed direct appeal attorney. Lewis was indeed working on various post-

conviction efforts during the time after he failed to appeal to the Ohio Supreme Court, but those efforts entitled him, as Respondent concedes, to statutory tolling under § 2244(d)(2).

Lewis next relies on *Lehman v United States*, 154 F. 3d 1010, 1016 (9th Cir. 1998), for the proposition that "equitable tolling focuses primarily on the plaintiff's excusable ignorance of limitation period." Petitioner fails to note that in *Lehman* the Ninth Circuit refused to recognize equitable tolling and noted its own prior decision:

> This court has explained that the doctrine is not available to avoid the consequences of one's own negligence:
>
> > The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the [agency's written] notice of the statutory period was clearly inadequate. *Courts have been generally unforgiving, however, when a late filing is due to claimant's failure "to exercise due diligence in preserving his legal rights.*"

*Id.* at 1016, quoting *Scholar v. Pacific Bell,* 963 F.2d 264, 267–68 (9th Cir.1992).

Lewis next blames the "unstable and unsettled nature of AEDPA statute of limitations that does not notify the petitioner on how to properly file a motion in the state court in order to receive tolling of time or how the tolling of time actually works." There is nothing unstable about the AEDPA statute of limitations jurisprudence and no court has ever held the statute had to explain to state prisoners what they needed to do to exhaust state court remedies.

Lewis next asserts that because he raised a claim that the Common Pleas Court lacked subject

matter jurisdiction over the kidnapping charge, he should be allowed to raise that claim at any time. He writes:

> In the petitioner's successive post-conviction in which was claims for the ineffective assistance of trial counsel, Lewis raised in his motion that the court lacked subject matter jurisdiction for the charges of kidnapping in which could be raised at any time on direct or collateral attack, therefore Lewis should be granted equity tolling on that issue.

Traverse, ECF No. 40, PageID 2179[1].

Petitioner's successive post-conviction petition appears at State Court Record, ECF No. 7, Ex. 50. He argued

> A motion to vacate a void judgment is of common law ancestry. There is no point in time beyond which the judgment becomes valid, and the motion to vacate a void judgment is not subject to a time limitation. *GMS Management Co. v. axe et al., 5 Ohio Misc. 2d 1, 10-11, 449 N.E.2d 43 (1982).* See *also State v. Davies, 2013-Ohio-436, P7-P13; and United States v. Cotton, 535 U.S.625, 630 (2002).* Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity may be raised even after the judgment becomes final. *United Student Aid Funds Inc. v. Espinos,* 130 S. Ct. 1367, 1377 176 L.Ed.2d 158 (2010).
>
> * * *
>
> I the defendant asserts (sic) that the trial court judgment was reached without due process of the law and lacked subject matter jurisdiction because of the trial counsel ineffectiveness. Trial counsel was nonexistent when he failed to argue any merits of his client pro se motion for a new trial pursuant to Crim.R.33(a).

[1] Notice that here, as in many other places in the 104-page Traverse, Lewis fails to comply with Judge Litkovitz's December 3, 2024, Order of Answer which requires that "All papers filed in the case thereafter (i.e. after the State Court Record) by either party shall include record references to the PageID number.)" (ECF No. 6, PageID 95).

*Id.* at PageID 474.

The proper method to obtain relief from a void judgment is by motion for relief from judgment under Ohio R. Cv. P. 60(b)(4). At the time he filed his successive motion for post-conviction relief, Petitioner had already litigated a petition for post-conviction relief under Ohio Revised Code § 2953.21. Ohio law denies trial courts jurisdiction to adjudicate successive petitions under Ohio Revised Code § 2953.21 unless they meet the requirements of Ohio Revised Code § 2953.23, which Lewis's successive petition did not.

Moreover, denial of effective assistance of counsel does not deprive a court of jurisdiction, nor does a claim that the court acted without due process of law. Ohio Common Pleas Courts have subject matter jurisdiction over felonies that are indicted in the county where they sit. *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397 (1949). That determination is subject to review on appeal. *State ex rel. Heimann v. George*, 45 Ohio St. 2d 231 (1976).

Lewis next contends that there is an absence of a state court remedy for his claims because they were held barred by *res judicata* (Traverse, ECF No. 40, PageID 2179). He writes:

> Pursuant to U.S.C 2254 (B) (i) There is absence of available state corrective process; (ii) Circumstance exist that render such process ineffective to the rights of the applicant. Petitioner contends that there is an absence of available state corrective process as the state court has barred the merits of all of the petitioner's claims of the violation of his sixth and fourteenth amendment to the U.S. Constitution by incorrectly using the doctrine of *res judicata*. When in the interest of justice and fairness the doctrine of *res judicata* should not bar a meritorious claim(s) of violation of the constitutional law. In the present case of the petitioner, the constitutional violation of the sixth and fourteenth amendment committed by the trial court, the trial counsel and the appellate counsel created a miscarriage of justice and abridged the petitioner's fundamental rights. In the petitioner Lewis's post-conviction and

> successive post-conviction motion for relief the State of Ohio used the doctrine of res judicata to bar all of the petitioner's viable claims of the constitutional law and fundamental rights that was abridged during trial and the appeal process. The binding effect of res judicata has been held not to apply when fairness and justice would not support it." *Davis v Wal-Mart stores.*Inc. (2001), 93 Ohio St, 3d 288,491, 2001 Ohio 1593, 756 N.E. 2d 657; *Lucas v Porter*, 2008 ND 160, 755 N.W. 2d 88, P 22 ("Fundamental Fairness underlies the determination of privity"). Moreover, *res judicata* is not to be so rigidly applied "When fairness and justice would not support it". *State ex rel. Estate of Miles v Piketon*, 121 Ohio St. 3d 231, 2009-Ohio-786, 903 N.E. 2d 311, at 30. *Also see Dep't of Nat. Res., Div. of Forestry v Srofe.* 2024-Ohio-1842 at *(*P* 57) "we decline to apply *res judicata* so rigidly in the case considering the lack of due process that occurred in Srofe's 2018 litigation. The petitioner has made claims of the trial court violations of the fourteenth amendment and the trial counsel and appellate counsel violation of the sixth amendment in which prejudiced and harmed the petitioner and if not for these errors the outcome of the trial and appeal proceedings would have been different. The state provided no remedies or corrective procedures when barring all of the petitioner's claims using the doctrine of *res judicata*. On May 5, 2025 the petitioner filed a motion in the fifth district court of appeals seeking a relief of judgment pursuant Civil R. 60 (B) In order to reopen the direct appeal for the gross neglect of his appellate attorney. The Petitioner concurrently submitted his amended brief pursuant to Ohio App. 26 (B) for the ineffectiveness of the appellate counsel in which the fifth district court appeals dismissed his motion for a relief of judgment and provided no remedy or corrective process for the constitutional claims presented in his amended brief 26(B) motion.
>
> Due [to] the bar of *res judicata* there is absence of available state corrective process that does not provide a Constitutional remedy for issues raised in the petitioner's post-conviction procedures for the constitutional violation of the trial court, the trial and appellate counsel. Thus, pursuant to U.S.C 2254 (B) (I) and circumstances exist that render such process ineffective to the rights of the applicant pursuant U.S.C 2254 (B) (II).

Traverse, ECF No. 40, PageID 2180.

Petitioner's argument implies that at any given stage in the history of a state criminal case the State must provide an available state court remedy for any constitutional claim that a defendant

wishes to raise at that moment in the history of the case, in order to prevent habeas corpus intervention. But that is not the law. The State Court Record here provides a number of examples of situations where Petitioner could have raised a claim but did not, then sought to raise it later[2]. In Ohio any constitutional claim which can be raised on direct appeal must be raised in that forum or be barred by *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967). Claims that cannot be raised on direct appeal because they depend on evidence *dehors* the appellate record must be brought by petition for post-conviction relief under Ohio Revised Code § 2953.21. Ohio law limits defendants to one direct appeal, and one post-conviction petition unless they satisfy Ohio Revised Code § 2953.23. Nothing in Supreme Court precedent provides that a person must be given more than one attempt at post-conviction relief. Claims of ineffective assistance of appellate counsel cannot be brought under Ohio Revised Code § 2953.21, but must be brought by an application to reopen the direct appeal. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). But nothing in Ohio or federal law provides that, if a defendant does not raise a claim in his or her first 26(B) application, they must be given another opportunity or federal habeas is available.

The federal courts recognize equitable tolling to excuse late filing in habeas cases. *Holland v. Florida*, 560 U.S. 631, 646 (2010). But it is not automatic. A petitioner must establish that extraordinary circumstances beyond his control prevented him from filing. The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline

---

[2] This has nothing to do with equitable tolling of the statute of limitations.

unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), *citing Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

Based on the precedent cited here, Petitioner has not established that he is entitled to equitable tolling in this case.

**Later Start Date**

Petitioner next contends he is entitled to a later start date under 28 U.S.C. § 2244(1)(D). Traverse, ECF No. 40, PageID 2181. That section permits the statute to begin to run on "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, Lewis make no argument as what that date would have been, instead repeating many of the same argument he made in the equitable tolling section of the Traverse. Traverse, ECF No. 40, PageID 2181-82.

**Actual Innocence**

Petitioner next argued he is entitled to equitable tolling because he is actually innocent. He writes:

> [H]e has presented new reliable evidence of a CVS material document that was not presented at trial. This document was also

> presented in the petitioner's post-conviction motion that dehor (sic) the record and was not presented by the trial counsel during the trial by a jury. This CVS document clearly shows that the Delaware police officer received the CVS video from the employee without the authorization of the CVS Corporate office. See a copy of the material CVS document in exhibit (A).

Traverse, ECF No. 40, PageID 2183.

There is no Exhibit A attached to the Traverse. The first attachment is a copy of a police report labeled Exhibit M. Moreover, a report from the corporate offices of CVS showing that the police officer did not have authority to provide the video to the prosecutor would not be new reliable evidence of the sort required by *Schlup v. Delo*, 513 U.S. 298 (1995) - exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. It would not even have prevented admission of the video.

Petitioner has not shown excusing actual innocence as provided in *Schlup* and *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

In sum, Petitioner has not established any basis on which to excuse his late filing. Respondent's statute of limitations defense should be upheld and the Petition dismissed on that basis.

**Exhaustion of State Court Remedies**

Petitioner's Traverse next turns to a two-page explanation of how his state court remedies were exhausted (Traverse, ECF No. 40, PageID 2186-87). But Respondent does not claim there are any unexhausted state court remedies.

**Procedural Default**

Respondent does, however, assert that Grounds One, Five, Six, Seven, Eight, Ten, Twelve,

Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen are procedurally defaulted (Return of Writ, ECF No. 33, PageID 2128-33).

Petitioner responds that "any procedural defaults were for good cause" (Traverse, ECF No. 40, PageID 2188-92).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner

can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Petitioner, although writing at length about procedural default (Traverse, ECF No. 40, PageID 2188-92), does not organize his response in terms of the relevant Grounds for Relief. Instead, he seems to blame all of his procedural defaults on his appointed appellate attorney, April F. Campbell. Instead of tracking the Traverse, this Report will deal with the Grounds for Relief in order.

**Grounds One and Ten**

In Grounds One and Ten, Petitioner claims he was convicted on insufficient evidence. Respondent asserts this claim, while properly raised on direct appeal, was defaulted by failure to appeal to the Ohio Supreme Court (Return of Writ, ECF No. 33, PageID 2128). Petitioner blames this default on his appellate attorney's failure to advise him of the Fifth District's decision on direct review appeal.

The State Court Record shows Attorney Campbell filed a timely notice of appeal on March 22, 2021 (Notice, State Court Record, ECF No. 32, Ex. 8). She then filed a brief on December 6, 2021. *Id.* at Ex. 9. The Fifth District then decided the case on June 1, 2022. *Id.* at Ex. 11.

Petitioner did not file an appeal to the Ohio Supreme Court. Instead, on August 17, 2022, he filed an Application for Reopening the appeal under Ohio R. App. P. 26(B), asserting Attorney Cambell provided ineffective assistance of appellate counsel by not raising certain assignments of error, but **not** asserting that she failed to advise him of the decision (Application, State Court Record, ECF No. 32, Ex. 15). On the very same day, however, he filed a Motion to Amend his 26(B) Application in which he does accuse Attorney Campbell of not notifying him of the decision.

*Id.* at Ex. 16, PageID 1491. On August 31, 2022, the Fifth District granted him until September 29, 2022, to file an amended 26(B) application, *Id.* at Ex. 19. Despite stating it would not grant any extensions, the Fifth District did so, extending the time to amend to October 29, 2022. *Id.* at Ex. 20. When Petitioner failed to amend by that date, the Fifth District on November 18, 2022, denied his 26(B) application on the merits. *Id.* at Ex. 20.

Petitioner next wrote a letter to the Fifth District in which he accuses his inmate legal assistant of lying about obtaining a third extension and then being in segregation because of illness. *Id.* at Ex. 21. The Fifth District treated the letter as a second application to reopen, but denied it because Ohio law does not permit such second applications. *Id.* at Ex. 23. On December 11, 2023, Petitioner filed in the Ohio Supreme Court a Notice of Appeal directed to the Fifth District's post-appeal decisions. *Id.* at Ex. 31.

On August 11, 2023, Petitioner filed a motion for delayed appeal in the Ohio Supreme Court. *Id.* at Ex. 35. In it he does not claim Attorney Campbell did not advise him of the Fifth District's decision. Instead he adverts to the August 17, 2022, motion to amend the then-pending Application to Reopen the Appeal under Ohio R. App. P. 26(B) which he says was granted, but the amendment was never filed because the inmate who was assisting him was placed in solitary confinement and never completed the amendment (Motion, State Court Record, ECF No. 32, Ex. 12, PageID 1462). He adverts to a second motion to amend which he also says was granted with a deadline of October 29, 2022, which was also never completed. *Id.* There is an attached copy of the Fifth District's decision which shows it was faxed to someone on June 1, 2022. *Id.* at PageID 1463. Petitioner does not explain when it came into his possession.

Considering this history altogether, the Magistrate Judge concludes it does not excuse

Petitioner's failure to appeal to the Ohio Supreme Court the Fifth District's decision that his conviction is supported by sufficient evidence. He was not entitled to have counsel appeal because the right to appointed counsel is limited to the first appeal of right. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Of course, Petitioner was entitled to effective assistance of counsel on his direct appeal. One of the duties of such counsel is to furnish the client with notice of the decision so he can if he wishes pursue the matter further. To fail to give such notice would constitute ineffective assistance of appellate counsel and that would excuse a procedural default. However, before a habeas petitioner can use ineffective assistance of appellate counsel to excuse a default the petitioner must have submitted that ineffective assistance claim to the state courts and obtained a favorable decision. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007). Although Petitioner submitted that claim as required by Ohio law, he did not receive a favorable decision.

Accordingly, Grounds One and Ten are barred by procedural default and should be dismissed on that basis.

**Grounds Five, Six, Seven, Eight, and Eighteen**

Respondent notes that all five of these claims depend on evidence that was part of the record on direct appeal and could have been adjudicated in the appeal. For example, Ground Five accuses trial counsel of ineffective assistance for failure to argue in support of Petitioner's *pro se* motion for new trial.[3] The relevant facts – counsel did not make an argument on the motion –were or should have been in the record on direct appeal.

Under Ohio law a claim which can be litigated on direct appeal but is not raised is barred from later consideration by the *res judicata* doctrine. *Perry, supra.* Petitioner argues as excusing cause the ineffective assistance of appellate counsel of Attorney Campbell, but he has never obtained an Ohio court ruling to that effect.

Accordingly, Grounds Five, Six, Seven, Eight, and Eighteen are barred by procedural default.

**Grounds Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen**

These six claims all assert ineffective assistance of appellate counsel. Petitioner claims he fairly presented these claims to the Ohio courts by including them in an Application for Reopening under Rule 26(B)(Amended Petition, ECF No. 31, PageID 1356-62). But a reading of the 26(B) Application does not show that these claims were raised. Petitioner also claimed in the Amended Petition that they were included in his motion for relief from judgment under Ohio R. Civ. P. 60

[3] Whether the trial court would have permitted such argument is in question. Ohio does not permit hybrid representation and there is no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984).

in the Second District, but a motion for relief from judgment is not an allowed method to amend a judgment of a court of appeals; it applies only to judgments of trial courts.

Because Petitioner has not shown Grounds Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen were fairly presented to the Ohio courts and he has shown no excusing cause and prejudice. These Grounds should also be dismissed with prejudice as procedurally defaulted.

**Grounds Two, Three, and Nine**

In Ground Two, Petitioner claims his Fourteenth Amendment Due Process rights were violated when the trial court allowed the testimony of a surprise witness – a person whose identity had not been revealed in discovery. In Ground Three, he asserts his Due Process rights were again violated when the trial court allowed in evidence what he refers to as an unauthenticated and unauthorized video. In Ground Nine, he complains again about admission of these two pieces of evidence.

As noted above, federal habeas courts sit only to consider federal constitutional claims. A petitioner cannot convert a state law evidentiary claim to a federal claim by placing a Due Process label on it. State criminal discovery rules have been constitutionalized to the extent of requiring the prosecution to reveal evidence favorable to a defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). But the "surprise" witness was certainly not favorable to Petitioner. As Respondent points out, the Ohio courts considered and overruled Petitioner's authentication and authorization claims on the basis of Ohio law. As such those rulings are not reviewable in this Court.

Grounds Two, Three, and Nine should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Four: Improper Maximum and Consecutive Sentences**

To the extent this claim asserts the trial court did not follow Ohio standards for choosing to impose maximum and consecutive sentences, this Ground for Relief fails to state a claim upon which habeas corpus relief can be granted. The States do not have a federal due process obligation, enforceable in habeas corpus, to even mandated state procedures. *Levine, supra*.

To the extent Petitioner is raising a direct claim of constitutional violation the Petition fails to state a claim upon which relief can be granted. The sentences imposed are within the statutory maximums for the offenses of conviction, which satisfies the Cruel and Unusual Punishment Clause. And the Constitution does not provide a set of standards for deciding when sentences can be ordered to be served consecutively. *Oregon v. Ice*, 555 U.S. 160 (2009).

**Ground Eleven: Failure to Merge Aggravated Robbery and Kidnapping Counts**

In his Eleventh Ground for Relief, Petitioner asserts his aggravated robbery and kidnapping convictions should have been merged at sentencing.

Under Ohio law, convictions for allied offenses of similar import are required to be merged at sentencing. Ohio Revised Code § 2941.25. That statute is not binding as a matter of constitutional law. The Double Jeopardy Clause is related, but there was not any double jeopardy violation here because the elements of the two crimes of conviction are different.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969). If two offenses are the same offense for Double Jeopardy purposes, a defendant cannot be separately punished for both of them. But Petitioner presented no Double Jeopardy claim to the Ohio courts and separate punishments for aggravated robbery and kidnapping do not violate the Double Jeopardy Clause.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 3, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.